OPINION
PER CURIAM.
Pro se petitioner Marina Karakozova filed a civil rights lawsuit in the United States District Court for the Western District of Pennsylvania alleging that she was the victim of employment discrimination. She now seeks a writ of mandamus to compel the Defendant in that lawsuit to comply with certain of her demands. For the reasons that follow, we will deny the petition.
On April 17, 2009, Karakozova initiated the underlying lawsuit, claiming that her contract to work as a Research Assistant at the University of Pittsburgh, School of Pharmacy (“The University”) was terminated based on her national origin. Karakozova is a citizen of the Russian Federation and the recipient of an H-1B visa which is premised on her employment at the University. Concluding that Karakozova had demonstrated a reasonable probability of success on the merits of her claim of national origin discrimination, and that she had made a strong showing of immediate and irreparable harm in the form of deportation, the District Court granted her request for a preliminary injunction. By the terms of its order, which was entered on June 11, 2009, 2009 WL 1652469, the District Court required the University to maintain Karakozova’s employment for a period of ninety days while she exhausted her administrative remedies and sought alternative employment. Since then, Karakozova has filed a number of motions for reconsideration and clarification, in addition to several documents entitled “Plaintiffs Opinion” seeking other forms of relief from the District Court. In them she claims, among other things, that the University is not complying with the directives of the District Court. On July 31, 2009, 2009 WL 2245645, the District Court entered an order denying two of *801 Karakozova’s motions for reconsideration. The Court concluded that through these motions, Karakozova was “essentially seeking a back door extension of the Court’s 90 day stay of her employment, and she is seeking reconsideration of the Court’s order requiring her to pursue her administrative remedies (namely, the Grievance Appeal through the University).”
Karakozova then turned to this Court, filing the instant “Emergency Petition for Writ of Mandamus.” Through this petition, Karakozova seeks the following relief:
The emergency relief Petitioner seeks is quite simple: She wants to obligate Respondent to promptly execute the Court’s Memorandum Order (Document No. 42) in accordance with the Court’s recommendations and the University of Pittsburgh’s policies (emphasis added). [Sic.] Second, Petitioner would like to obligate Respondent (which includes but not limited: employees, students, contractors, etc. to execute Memorandum Order immediately and not later than within 5 business days from the date of issuing notification by the Court of Appeals. Third, Petitioner would like to obligate Respondent to promptly provide answers on all Petitioner’s requests) (future requests or already sent to Respondent) for clarification of internal procedures, which allow Petitioner to execute the Court’s order promptly.
She claims that the remedy of mandamus is necessary due to the limited amount of time available to her and her inability to secure such relief from the District Court.
The remedy of mandamus is reserved for the most extraordinary of circumstances. DeMasi v. Weiss, 669 F.2d 114, 117 (3d Cir.1982). In order to ensure that mandamus is sparingly granted, a petitioner seeking a writ of mandamus must demonstrate that no other adequate means are available to obtain the desired relief and that the right to issuance of the writ is “clear and indisputable.” Allied Chem. Corp. v. Daiflon, Inc., 449 U.S. 33, 35, 101 S.Ct. 188, 66 L.Ed.2d 193 (1980) (quoting Bankers Life & Cas. Co. v. Holland, 346 U.S. 379, 384, 74 S.Ct. 145, 98 L.Ed. 106 (1953) (quoting United States v. Duell, 172 U.S. 576, 582, 19 S.Ct. 286, 43 L.Ed. 559 (1899))). Here, Karakozova seeks an order directing the University to comply with the District Court’s order and, essentially, to participate in good faith in the District Court and related proceedings. She has not demonstrated either that no other adequate means are available to obtain this relief or that her right to such relief is “clear and indisputable.”
Karakozova’s lawsuit is currently pending before the District Court, which has responded to her numerous filings and requests for relief in a timely manner. The management of its docket is committed to the sound discretion of the district court. In re Fine Paper Antitrust Litig., 685 F.2d 810, 817 (3d Cir.1982). Karakozova has not alleged that the District Court has in any way abused its discretion in managing its docket and, in any event, any such claim would not be cognizable under the circumstances presented here in the context of a mandamus petition. The writ of mandamus may not be used as a substitute for the regular appeals process. See In re Briscoe, 448 F.3d 201, 212 (3d Cir.2006). While we recognize that Karakozova has a limited amount of time in which to press her claims, she must direct all of her requests for relief to the District Court while her lawsuit remains pending there.
Based on the foregoing, we will deny the petition for a writ of mandamus.